IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MARY L. BLACKWELL                                                    PLAINTIFF

vs.                              Civil No. 4:12-cv-04004

MICHAEL J. ASTRUE                                                    DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Mary L. Blackwell ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying her application for a

period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.  The parties

have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this

case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-

judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum

opinion and orders the entry of a final judgment in this matter.

1.      **Background:**

Plaintiff protectively filed her DIB application on July 14, 2010.  (Tr. 13, 102-103).  In her

application, Plaintiff alleges being disabled due to high blood pressure, Hashimoto's disease, stress

and anxiety, lower back pain, and heart palpitations.  (Tr. 117).  Plaintiff alleges an onset date of

February 22, 2010.  (Tr. 13, 102).  This application was denied initially and again upon

reconsideration.  (Tr. 54-55).  Thereafter, Plaintiff requested an administrative hearing on her

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages
for this case are referenced by the designation "Tr."

1

application, and this hearing request was granted.  (Tr. 65-78).  Plaintiff's administrative hearing was held on July 26, 2011 in Texarkana, Arkansas.  (Tr. 25-53).  Plaintiff was present and was represented by Greg Giles.  *Id.*  Only Plaintiff testified at this hearing.  *Id.*  During the administrative hearing in this matter, Plaintiff testified she was fifty-seven (57) years old, which is defined as a "person of advanced age" under 20 C.F.R. § 404.1563(e) (DIB).  (Tr. 28).  Plaintiff also testified that she had graduated from high school and knew how to read and write in English.  (Tr. 28).

On September 23, 2011, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB.  (Tr. 10-24).  In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through March 31, 2014.  (Tr. 15, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 22, 2010, her alleged onset date.  (Tr. 15, Finding 2).  The ALJ determined Plaintiff had the following severe impairments: multinodular goiter and hypertension.  (Tr. 15-17, Finding 3).  The ALJ determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 17, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC.  (Tr. 17-23, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of sedentary work as defined in 20 CFR 404.1567(a), meaning the claimant can occasionally lift/carry 10 pounds, frequently lift/carry less than 10 pounds, stand for about 2 hours in an 8-hour workday, sit for 6 hours in an 8-hour workday, and has unlimited push/pull capabilities.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 23, Finding 6). In light of her RFC, the ALJ found Plaintiff retained the capacity to perform her PRW as a telephone company line assigner. (Tr. 23, Finding 6). Notably, the ALJ found Plaintiff's RFC did not preclude her from performing this PRW. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from February 22, 2010 through the date of his decision or through September 23, 2011. (Tr. 23-24, Finding 7).

Thereafter, on October 26, 2011, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 9). On December 1, 2011, the Appeals Council declined to review this unfavorable decision. (Tr. 6-8). On January 17, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on January 23, 2012. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 8-9. This case is now ready for decision.

## 2.   **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible

3

to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers

the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.**     **Discussion:**

Plaintiff raises the following three arguments for reversal: (1) the ALJ erred in failing to consider the combined effects of her impairments; (2) the ALJ erred in failing to hear testimony from a vocational expert; and (3) the ALJ did not give proper consideration to her chronic pain and the impact it has on her.  ECF No. 8.  In response, Defendant argues the ALJ properly considered the combined effects of Plaintiff's impairments, the ALJ properly determined Plaintiff's impairments did not meet or equal the requirements of a Listing at Step Three, substantial evidence supports the ALJ's RFC determination, and the ALJ properly determined at Step Four that Plaintiff could return to her PRW.  ECF No. 9.  Because the Court finds the ALJ erred by finding her anxiety was a non-severe impairment, the Court will only address this argument for reversal.[2]

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities.  *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988).  The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*).

Furthermore, the standard for determining whether a claimant suffers from a severe

---

[2] Although Plaintiff did not include an entire section related to this issue, Plaintiff raised the issue that her anxiety was a severe impairment throughout her briefing.  ECF No. 8.

impairment is a low or *de minimis* standard.  *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence).  If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded.  *See Nicola,* 480 F.3d at 887.

In the present action, Plaintiff alleges she suffers from severe anxiety that impacts her in her ability to work.  (Tr. 48-49).  The ALJ recognized this allegation but found Plaintiff had not demonstrated this impairment was severe.  (Tr. 15-17, Finding 3).  In this determination, the ALJ heavily relied upon the findings of non-examining, non-treating physicians (Dr. Brown and Dr. Daugherty) who determined this impairment was not severe: "The undersigned gives great weight to the opinions of Dr. Brown and Dr. Daugherty, finding that their opinions are consistent with the objective medical evidence, well-supported by the objective medical evidence, and not contradicted by any other opinions in the file."  (Tr. 16-17).

In making this determination, however, the ALJ entirely disregarded the findings of Plaintiff's treating physician, Dr. Paul Pappas, M.D.  On July 29, 2009, Dr. Pappas diagnosed Plaintiff with anxiety.  (Tr. 204-205).  Dr. Pappas treated Plaintiff for anxiety in 2009 and 2010.  (Tr. 191-271).  Thereafter, on July 22, 2010, Dr. Pappas referred Plaintiff to a cardiologist, Dr. William Haynie, Jr., M.D.,  due to a her problems from an increased heart rate.  (Tr. 288-290).  During that consultation, Dr. Haynie stated he believed Plaintiff's anxiety was responsible for her problems with an increased heart rate.  *Id.*  Such evidence–including the fact Plaintiff received treatment for her anxiety from Dr. Pappas–indicates Plaintiff's anxiety is "more than slight" and would impact her in her ability to do basic work activities.  Accordingly, standing alone, these findings from Dr. Pappas

6

and Dr. Haynie provide sufficient evidence demonstrating Plaintiff's anxiety satisfies the low or *de minimis* standard for establishing a severe impairment.   Accordingly, because the ALJ improperly determined Plaintiff's anxiety was not supported by his medical records and was not severe, this case must be reversed and remanded.   *See Nicola,* 480 F.3d at 887.

**4.**     **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.   A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 3rd  day of January 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE